UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN B. ODOMS, | Case No. 3:13-cv-00529-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| WARDEN I. BACA, | |
| Respondents. | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not filed a motion to proceed *in forma pauperis*, but has submitted a petition and cover sheet. Dkt. nos.1-1 and 1-2.

The failure to pay the filing fee or apply for leave to proceed in *forma pauperis* is grounds for dismissal of this action. However, the more compelling reason is that this is a successive petition that has not been authorized by the Ninth Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b)(3).

In his petition, petitioner challenges a criminal conviction entered February 20, 1986. Petitioner states that he previously filed a federal habeas corpus petition in this court challenging that conviction and identifies the earlier petition as case number CV-N-92-169-DWH. The Court has searched its own docket to confirm this assertion and has discovered three additional habeas actions instituted by this petitioner to attack the same conviction. *See Odom v. Neven*, 2:06-cv-00178-RCJ-LRL, filed March 4, 2006; *Odom v. Beneditte*, 3:-10-cv-001778-RCJ-VPC, filed March 30, 2010; *Odom v. Neven*,

2:10-cv-01236-RLH-LRL, filed July 23, 2010. The Court therefore finds that the present petition is a second or successive petition challenging the same conviction.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); *Jeffries v. Wood,* 114 F.3d 1484, 1499 (9th Cir. 1997) (*quoting Drinkard v. Johnson,* 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

Under AEDPA's new "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B). Petitioner has not provided this Court with a copy of an order from the Court of Appeals from the Ninth Circuit authorizing this second or successive petition. The petition will therefore be dismissed as unauthorized.

It is therefore ordered that the Clerk shall detach and filed the petition, which is dismissed as an unauthorized second or successive petition. This dismissal is without

prejudice to petitioner's right to return to this Court should he receive the required authorization from the Court of Appeals for the Ninth Circuit.

it is further ordered that no certificate of appealability is granted as the Court concludes that jurists of reason could not find the dismissal a debatable procedural decision. The Clerk will enter judgment accordingly.

DATED THIS 26th day of September 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE